BRUCE M. MERRILL, P.A.
225 Commercial Street/Suite 501
Portland, ME  04101
207/775-3333

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 14-CR-86-DBH |
| | ) | |
| RODRIGO SCHUMACKER, | ) | |
| Defendant. | ) | |

**MOTION FOR DISCOVERY**
**[BRADY AND GIGLIO MATERIALS]**

NOW COMES Bruce M. Merrill, counsel for the above-named Defendant, Rodrigo Schumacker, and hereby moves this Court to order the government to forthwith turn over all Brady and Giglio materials for the following reasons:

In order to eliminate unnecessary motions for discovery in this case, to eliminate delays in the presentation of evidence and the examination of witnesses, and to expedite the trial pursuant to the provisions of the Speedy Trial Act of 1974, the government should be required to provide all materials encompassed by the Supreme Court's ruling in Brady v. Maryland, 373 U.S. 83 (1963).

That credibility materials relating to central government witnesses fall within the purview of Brady is clear from the decision of the United States Supreme Court in Giglio v. United States, 405 U.S. 150 (1972).

In Giglio, the court ordered a new trial because the United States Attorney failed to disclose to defense counsel an immunity agreement that had been entered into by the prosecution with a critical government witness. After citing Brady for the proposition that irrespective of the prosecutor's good faith, the suppression of material evidence by the prosecution justifies a new trial, the court stated:

> When the 'reliability of a given witness may well be determinative of guilt or innocence', nondisclosure of evidence affecting credibility falls within this general rule.

Id. at 154 (citation omitted).

The court then noted:

> Here the government's case depended almost entirely on Taliento's testimony; without it there could have been no indictment and no evidence to carry the case to the jury. Taliento's credibility as a witness was therefore an important issue in the case, and evidence of any understanding or agreement as to a future prosecution would be relevant to his credibility and the jury was entitled to know of it.

Id. at 154-55.

Similarly, here, whatever case the government has against Rodrigo Schumacker will largely depend upon the testimony of its witnesses. With respect to each government witness, this Defendant is entitled to receive copies of any inconsistent statements; transcripts from prior trials where the credibility of the particular witness was questioned or impeached; results of

lie detector tests; materials showing bias, motive or prejudice; results of psychiatric examinations; confessions; records of participation in the Federal Witness Protection Program; criminal histories in the United States and abroad; records of sentences received and of any reduction(s) of sentences; plea agreements; immigration records; plea transcripts; sentencing transcripts; cooperating agreements; the names and docket numbers of other cases in which the witness testified; immunity agreements and orders; records of government payments to a particular witness; and evidence of crimes where no formal proceedings were instituted as a result of the cooperation of a particular witness. To the extent that such information exists, Defendants are entitled to its production immediately, pursuant to this Court's standing order for discovery.

If, in response to this Motion, the government attempts to draw a distinction between materials which are directly exculpatory and materials which could be used to impeach the credibility of critical government witnesses, this Court must reject such an explanation as artificial and unreasoned. Such a distinction has been squarely rejected by the United States Supreme Court.

In <u>United States v. Bagley</u>, 473 U.S. 667 (1985), the Supreme Court specifically noted that the distinction between materials directly affecting the guilt or innocence of a criminal defendant

and materials affecting the credibility of crucial government witnesses was spurious:

> In <u>Brady</u> and <u>Agurs</u>, the prosecutor failed to disclose exculpatory evidence. In the present case, the prosecutor failed to disclose evidence that the defense might have used to impeach the government's witnesses by showing bias or interest. <u>Impeachment evidence, however, as well as exculpatory evidence, falls within the Brady rule.</u>

<u>Id</u>. at 490 (emphasis supplied).

Not only is this Defendant entitled to the immediate production of <u>Brady</u> and <u>Giglio</u> materials by the government, but he is also entitled to those materials in a useable form. For example, to the extent that critical witnesses of the government have testified at previous trials where their credibility was either drawn into question or was impeached, this Defendant is entitled to transcripts of that prior testimony. Merely to be advised at this late date of when and where the testimony was given would be of no help to Defendant as he would not be in a position to obtain the materials within sufficient time for their use on cross-examination.

In order to properly discharge its obligations under <u>Brady</u>, the government must affirmatively search out the requested materials--not only in its own files, but in the files of related agencies which might reasonably be expected to have possession of such information. <u>Kyles v. Whitley</u>, 514 U.S. 419 (1995).

WHEREFORE, Rodrigo Schumacker respectfully requests that

this Court order the government to forthwith turn over all <u>Brady</u> and <u>Giglio</u> materials in this matter.

Dated at Portland, Maine this 5th day of August, 2014.

>/s/ Bruce M. Merrill
Bruce M. Merrill
Attorney for Defendant
Rodrigo Schumacker

**CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of August, 2014, I electronically filed the above *Motion for Discovery [<u>Brady</u> and <u>Giglio</u> Materials]* on behalf of the above-named Defendant, with the Clerk of Court, using the CM/ECF system which will send notification of such filings to all counsel of record.

>/s/ Bruce M. Merrill
Bruce M. Merrill, P.A.
225 Commercial St./Suite 501
Portland, ME  04101
207/775-3333 (Tel.)
207/775-2166 (FAX)
E-Mail: mainelaw@maine.rr.com