UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:14-cr-00086-DBH |
| | ) | |
| RODRIGO SCHUMACKER | ) | |
| | ) | |

**GOVERNMENT'S OPPOSITION TO
DEFENDANT'S MOTION FOR DISCOVERY**

The United States of America, by and through its attorneys, Thomas E. Delahanty II, United States Attorney for the District of Maine, and Craig M. Wolff, Assistant United States Attorney, respectfully submits its response in opposition to the Defendant's motion for discovery of *Brady* and *Giglio* materials (Document 17).

The government recognizes its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972); and their progeny. At this time, the government is unaware of any *Brady* material regarding the Defendant, but will provide timely disclosure if any such material comes to light, so that the Defendant may make effective use of the material at trial. The government will similarly disclose *Giglio* material sufficiently in advance of trial to allow for its effective use.

No basis exists for the Defendant's request that the Court order immediate disclosure of any *Brady* or *Giglio* material. Under *Brady*, a defendant has a right to exculpatory evidence where it "is material to guilt or punishment." *Brady*, 373 U.S. at 87. Information is material if "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different."

*United States v. Dumas*, 207 F.3d 11, 15 (1st Cir. 2000) (quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985) (opinion of Blackmun, J.)). The law is clear that *Brady* establishes no general right of pretrial discovery and gives rise to no pretrial remedies. *See Bagley*, 473 U.S. 667, 675 n.7 (1985); *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977); *Tuesta Toro v. United States*, 229 F.3d 1134, 2000 WL 1160442, at *5 (1st Cir. 2000). Indeed, sometimes the exculpatory nature of *Brady* material is not evident until the government's proof has crystallized or the defense has put in its case. *Weatherford*, 429 U.S. at 559.

The purpose behind *Brady* is "not to displace the adversary system as the primary means by which truth is uncovered," but to prohibit the prosecution from intentionally withholding "evidence favorable to the accused that, if suppressed, would deprive the defendant of a fair trial." *Bagley*, 473 U.S. at 675. "Neither *Brady* nor any other case … requires that disclosure under *Brady* must be made before trial." *United States ex rel. v. Regan*, 503 F.2d 1, 3 n.1 (2d Cir. 1974); *United States v. DeLeo*, 422 F.2d 487, 498 (1st Cir. 1970) (motion to disclose exculpatory evidence in advance of trial was denied because *Brady* does not compel extensive pretrial discovery of exculpatory evidence within the prosecution's control). Due process requires only that a defendant receive such information before it is too late for him or her to make beneficial use of it at trial. *United States v. Olson*, 697 F.2d 273, 275 (8th Cir. 1983); *United States v. Allain*, 671 F.2d 248, 255 (7th Cir. 1982).

In this district, requests for immediate production of *Brady* and *Giglio* material are routinely denied on the Government's representation that it will comply in due course with its obligations to provide such materials. *See, e.g.*, *United States v. Stewart*, 182 F. Supp. 2d 97, 99 & n.3 (D. Me. 2002) ("This is the routine disposition of such requests in this district and required no argumentation"). The government has made that representation here, and respectfully submits that no more is required.

Dated in Portland, Maine this 25th day of August, 2014.

                                                                Respectfully submitted,

                                                                THOMAS E. DELAHANTY II
                                                                UNITED STATES ATTORNEY

                                                                /s/ Craig M. Wolff
                                                                Craig M. Wolff
                                                               Assistant United States Attorney

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

**CERTIFICATE OF SERVICE**

I hereby certify that on August 25, 2014, I electronically filed this **Government's Opposition to Defendant's Motion for Discovery** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

**Bruce M. Merrill, Esq.**
**mainelaw@maine.rr.com**

THOMAS E. DELAHANTY II
UNITED STATES ATTORNEY

  /s/ Craig M. Wolff
Assistant United States Attorney
United States Attorney's Office
100 Middle Street
Portland, Maine 04101
(207) 780-3257
craig.wolff@usdoj.gov