U S DISTRICT COURT
DISTRICT OF MAINE
PORTLAND
RECEIVED & FILED

MAR 3 1 2015

CHRISTA K. BERRY, CLERK
BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

UNITED STATES OF AMERICA )
)
v. ) Case No. 2:14-cr-00086-DBH
)
RODRIGO SCHUMACKER )
)

## AGREEMENT TO PLEAD GUILTY

The United States of America, by and through Thomas E. Delahanty II, United States Attorney for the District of Maine, and Craig M. Wolff, Assistant United States Attorney; and Rodrigo Schumacker (hereinafter "Defendant"), acting for himself and through his counsel, Bruce M. Merrill, Esquire, enter into the following Agreement based upon the promises and understandings set forth below:

1. Guilty Plea

Defendant agrees to plead guilty to Count Two of the Indictment in this case pursuant to Rule 11 of the Federal Rules of Criminal Procedure. Count Two charges him with social security fraud, in violation of 42 U.S.C. § 408(a)(7)(B). The United States agrees to dismiss Count One of the Indictment at the time of sentencing.

2. Sentencing/Penalties

Defendant agrees to be sentenced on the charge described above. Defendant understands that the penalties that are applicable to the charge are as follows:

    A.    A maximum prison term of 5 years;

    B.    A maximum fine of $250,000;

C. A mandatory special assessment of $100.00 which Defendant agrees to pay at or before the time that he enters a guilty plea; and

D. A term of supervised release of up to 3 years. Defendant understands that his failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring him to serve up to 2 additional years in prison for any such revocation of supervised release pursuant to 18 U.S.C. § 3583.

3. Agreements Regarding Sentencing

The parties agree to make the following non-binding recommendations as to sentencing. The parties expressly agree and understand that should the Court reject any of the parties' recommendations, Defendant will not thereby be permitted to withdraw his plea of guilty. The parties agree and understand that the Court has the discretion to impose any lawful sentence.

A. The parties agree to recommend that the base offense level is 6 under U.S.S.G. § 2B1.1(a)(2), and that there are no applicable enhancements.

B. The United States agrees to recommend that the Court find that Defendant has accepted responsibility for the offense of conviction, and that the Court should reduce Defendant's Adjusted Offense Level by 2 levels under § 3E1.1. The Government reserves the right not to recommend a reduction under § 3E1.1 if, at any time between his execution of this Agreement and sentencing, Defendant: (a) fails to admit a complete factual basis for the plea; (b) fails to truthfully admit his conduct in the offense of conviction; (c) engages in conduct which results in an adjustment under § 3C1.1; or (d) falsely denies or frivolously contests relevant conduct for which Defendant is accountable under § 1B1.3. Defendant understands that he may

not withdraw the guilty plea if, for any of the reasons listed above, the Government does not recommend that he receive a reduction in Offense Level for acceptance of responsibility;

        C.      The United States agrees to recommend a sentence of probation.

4.    <u>Appeal Waivers</u>

Defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Knowing that, Defendant waives the right to appeal the following:

        A.      Defendant's guilty plea and any other aspect of his conviction in the above-captioned case; and

        B.      A sentence of probation that does not exceed 2 years. The number of years mentioned in this paragraph does not necessarily constitute an estimate of the sentence that the parties expect will be imposed.

Defendant's waiver of his right to appeal shall not apply to appeals based on a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

5.    <u>Consequences of Breach</u>

If Defendant violates or fails to perform any obligations under this agreement ("a breach"), the United States will be released from its obligations hereunder and may fully prosecute Defendant on all criminal charges that can be brought against him. With respect to such a prosecution:

        A.      The United States may use any statement that Defendant made pursuant to this agreement, including statements made during plea discussions and plea colloquies, and the

fact that Defendant pleaded guilty, and Defendant hereby waives any claim under Rule 410 of the Federal Rules of Evidence or Rule 11(f) of the Federal Rules of Criminal Procedure that such statements and guilty plea are inadmissible.

        B.     Defendant waives any and all defenses based on the statute of limitations with respect to any such prosecution that is not time-barred on the date that this agreement is signed by the parties.

If the United States chooses to exercise its rights under this paragraph, the determination of whether Defendant has committed a breach shall be made by the Court upon an appropriate motion. In a proceeding on such motion, the United States shall have the burden to establish Defendant's breach by a preponderance of the evidence.

6.     Speedy Trial Waiver

Defendant agrees to waive, and hereby does waive, any and all rights he might have under the Speedy Trial Act, 18 U.S.C. §§ 3161–64, from the date of the execution of this Agreement and continuing thereafter through and including the date upon which sentence is imposed. In the event that the Court determines that Defendant has breached this Agreement, as set forth in Paragraph 5 of this Agreement, then the waiver described in this Paragraph shall continue through and including the date on which the Court determines that such a breach has occurred. Defendant expressly consents to the entry of an Order by the Court excluding such periods of time from such consideration.

7.     Immigration Status

Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. The parties agree and understand that

the offense to which Defendant is pleading guilty may result in Defendant being removed from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and Defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his removal from the United States.

8. <u>Validity of Other Agreements; Signature</u>

This Agreement supersedes any prior understandings, promises, or conditions between this Office and Defendant. However, in the event that Defendant fails to enter his guilty plea or is allowed to withdraw his guilty plea entered hereunder, and the Court determines that Defendant has not breached this Agreement, then any proffer agreement between the parties shall remain in effect. No additional understandings, promises, or conditions will be entered into unless in writing and signed by all parties. The signature of Defendant in the space designated signifies his full and voluntary acceptance of this Agreement.

I have read this Agreement and have carefully reviewed every part of it. I understand it and I have voluntarily agreed to it.

Date: 3/25/15

Rodrigo Schumacker, Defendant

I am legal counsel for Rodrigo Schumacker. I have carefully reviewed every part of this Agreement consisting of 6 pages with Mr. Schumacker. To my knowledge, Mr. Schumacker's decision to enter into this Agreement is an informed and voluntary one.

Date: 3/25/15

Bruce M. Merrill, Esq.
Attorney for Defendant

FOR THE UNITED STATES: Thomas E. Delahanty II
United States Attorney

Date: 3/23/15

Craig M. Wolff
Assistant U.S. Attorney

Approved:

Supervisory Assistant U.S. Attorney